

RECEIVED

FEB - 1 2012

TONY R. MOORE, CLERK
BY_____
      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| K & J SUPPLY, LLC et al | CIVIL ACTION NO: 11-01279 |
| VERSUS | JUDGE DONALD E. WALTER |
| MULTI-CHEM GROUP, LLC | MAG. JUDGE PATRICK J. HANNA |

## MEMORANDUM RULING

Before the Court is a Motion to Remand [Doc. #19], filed by the Plaintiffs, K & J Supply, LLC and Jordan Fleming. The Defendant, Multi-Chem Group, LLC opposes this motion [Docs. ##21, 28]. For the reasons stated herein, Plaintiffs' Motion to Remand [Doc. #19] is **GRANTED**.

## BACKGROUND

Plaintiffs originally filed a Class Action Petition for Damages in the 16th Judicial District Court of Iberia Parish, Louisiana. Defendant Multi-Chem Group, LLC ("Multi-Chem") removed the matter to federal court pursuant to 28 U.S.C. § 1441, claiming diversity jurisdiction under 28 U.S.C. § 1332.[1] Plaintiffs subsequently filed a motion to amend or correct the petition by adding a new Defendant, OilFlow Production Chemicals, Inc. ("OilFlow").[2] That motion was granted.[3] Plaintiffs then filed the instant motion to remand, alleging that complete diversity was destroyed by the addition of OilFlow.[4]

---

[1] Doc.#2.

[2] Doc. #7.

[3] Doc. #8.

[4] Doc. #19.

Multi-Chem concedes that OilFlow is a Louisiana corporation, the addition of which destroys complete diversity. However, Multi-Chem alleges that OilFlow has been added in violation of the prohibition against fraudulent joinder and solely as a means of defeating diversity. Plaintiffs added OilFlow based on allegations that OilFlow's steel tote was involved in the fire at issue in this litigation and that OilFlow and/or Multi-Chem negligently contaminated said steel tote.[5] However, Multi-Chem argues that there is no evidence of negligence, error or omission on behalf of OilFlow that caused or contributed to this incident. Furthermore, Multi-Chem points out that there are four other suits currently pending in the Western District of Louisiana, all of which involve the same chemical fire at issue in this suit.[6] Based on the foregoing, Multi-Chem claims that remand would likely cause undue harm by forcing it to defend suits in state and federal court and therefore opposes Plaintiffs' motion to remand.

## LAW AND ANALYSIS

Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). When original federal jurisdiction is based on diversity, however, a defendant may not remove "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* (quoting 28 U.S.C. § 1441(b)(2)). At the time of filing, this case was properly removable based

---

[5] Doc. #9, ¶ 4.

[6] There are now 5 related cases, which are: *Armstrong et al v. Multi-Chem Group, LLC et al*, Docket No. 11-1515; *Broussard et al v. Multi-Chem Group, LLC*, Docket No. 11-1280; *Pecante et al v. Multi-Chem Group, LLC*, Docket No. 11-1231; and *Mergist et al v. Multi-Chem Group, LLC et al*, Docket No. 11-1821; *Benjamin et al v. Multi-Chem Group*, Docket No. 11-1819.

on diversity jurisdiction.

This Court has original jurisdiction in all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Since the enactment of the diversity statute, courts have interpreted the diversity statute to require "complete diversity" of citizenship. *Carden v. Arkoma Associates,* 494 U.S. 185, 187 (1990). The statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Likewise, the citizenship of a limited liability company is determined by the citizenship of each member of the entity, not by the state where the entity was organized. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079-80 (5th Cir. 2008). The parties to the instant action agree that OilFlow is a Louisiana corporation; therefore, OilFlow's existence in this suit destroys complete diversity unless it was added in violation of the prohibition against improper joinder. *See Smallwood v. Illinois Cent. R.R.,* 385 F.3d 568, 571 n. 1 (5th Cir. 2004) (The Fifth Circuit has adopted the term "improper joinder" as being more consistent with the statutory language than the term "fraudulent joinder," although there is no substantive difference between the two terms).

"Most post-removal developments-amendment of pleadings to below jurisdictional amount or change in citizenship of a party-will not divest the court of jurisdiction but an addition of a nondiverse defendant will do so." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1181 (5th Cir. 1987). Fifth Circuit precedent makes it clear that this Court was divested of subject matter jurisdiction once the plaintiffs were allowed to add the nondiverse defendant, OilFlow. *Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 678 (5th Cir. 1999)("post-removal joinder of non-diverse defendants under Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly

joined defendants are not indispensable"). Post-removal joinders, whether dispensable or indispensable, are controlled by § 1447(e). *Cobb,* 186 F.3d at 681. Title 28 U.S.C. § 1447(e) provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Thus, § 1447(e) directs remand if the district court permits joinder of a defendant whose citizenship destroys subject matter jurisdiction. *Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470, 478 (5th Cir. 2001).

## CONCLUSION

Because the Court no longer has subject matter jurisdiction in this case, we need not, and indeed cannot, reach the issue of improper joinder. For the reasons stated herein, it is the finding of the Court that both Plaintiffs and Defendant OilFlow Production Chemical, Inc. are citizens of Louisiana, which destroys complete diversity pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiffs' Motion to Remand [Doc. #19] is hereby **GRANTED**.

**THUS DONE AND SIGNED**, this 31 day of January, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE